FILED
2016 Jul-19  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ALABAMA
## (SOUTHERN DIVISION)

| | |
|---|---|
| **BRINETTA M. COWAN, an individual,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.                                      ) | **Civil Action No.:** |
| ) | _____ |
| **HUB PROPERTIES TRUST, a foreign** ) | |
| **entity; HPT SUNBELT PORTFOLIO,** ) | |
| **LLC, a foreign limited liability company;** ) | |
| **REIT      MANAGEMENT      AND** ) | |
| **RESEARCH, LLC, a foreign limited** ) | |
| **liability company; CBRE, Inc., a foreign** ) | |
| **corporation;      THYSSENKRUPP** ) | |
| **ELEVATOR    CORPORATION,    a** ) | |
| **foreign corporation; THYSSENKRUPP** ) | |
| **NORTH AMERICA, INC., a foreign** ) | |
| **corporation,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, **Brinetta M. Cowan**, by and through her attorneys of record, and for her complaint states as follows:

### PARTIES, JURISDICTION, & VENUE

1.      Plaintiff, **Brinetta M. Cowan** ("Cowan"), is over the age of nineteen (19) and is a resident of Jefferson County, Alabama.

2.      Defendant, **HUB Properties Trust** ("HUB"), is a Maryland corporation with its principal place of business in Newton, Massachusetts. HUB is qualified to do business in Alabama and does business in Jefferson County, Alabama.

3.      Defendant, HUB Properties Trust, is also known as or doing business as **Hub Properties REIT, Inc.**

4.      Defendant, **HPT Sunbelt Portfolio, LLC** ("HPT"), is a Delaware limited liability company, with its principal place of business in Chicago Illinois. HPT is qualified to do business in Alabama and does business in Jefferson County, Alabama.

5.      Defendant, **REIT Management and Research LLC** ("REIT"), is a Delaware limited liability company, with its principal place of business in Newton, Massachusetts. REIT is qualified to do business in Alabama and does business in Jefferson County, Alabama. Based upon information and belief, REIT is now known, or is doing business as, as Harris West-CBRE.

6.      Defendant, **CBRE, Inc.** ("CBRE") is a Delaware limited liability company, with its principal place of business in Los Angeles, California. CBRE is qualified to do business in Alabama and does business in Jefferson County, Alabama. Based upon information and belief, CBRE is doing business as Harris-West CBRE.

7.      Defendant, **ThyssenKrupp Elevator Corporation** ("TKEC"), is a Delaware limited liability company, with its principal place of business in Mississippi.

2

TKEC is qualified to do business in Alabama and does business in Jefferson County, Alabama.

8.  Defendant, **ThyssenKrupp North America** ("TKNA"), is a Delaware limited liability company, with its principal place of business in Michigan. TKNA is qualified to do business in Alabama and does business in Jefferson County, Alabama.

9.  The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) since Plaintiff is a citizen of Alabama and all Defendants are foreign entities and citizens of states other than Alabama.

11. Venue is proper in this District because at all material times hereto, Defendants were doing business in the State of Alabama, and the issues and controversies herein largely took place in this judicial district.

12. Venue is proper in this judicial district under 28 U.S.C. Section 1391(a)(2) as "a substantial part of the events or omissions giving rise to the claim" asserted occurred in this judicial district.

13. Personal jurisdiction exists over the Defendants as they are all qualified to do business in Alabama, do business in Alabama including the Northern District of Alabama, and all maintain the necessary minimum contacts with the State for general jurisdiction and this suit arises out of its specific conduct with the forum state.

## FACTS

14. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

15. On or about July 17, 2014, Ms. Cowan was a licensee or invitee on the premises located at 104 Inverness Place in Birmingham, Alabama (the "premises").

16. Ms. Cowan was employed by a tenant - SunGard Capital Corp. - of the premises.

17. The premises consist of approximately six floors and include several elevators for use by invitees and licensees to access the floors of the building.

18. The Defendants REIT and/or Harris-West and/or CBRE, leased and/or managed the premises at the time of the occurrence made the basis of this Complaint - or they currently manage.

19. The Defendants REIT and/or Harris-West and/or CBRE, leased and/or managed the premises and had a duty to make the premises reasonably safe or warn of dangerous and defective conditions.

20. The elevators were manufactured by Dover, but prior to the date of the injury, ThyssenKrupp took over OEM service for Dover and for all practical purposes became the manufacturer.

21. On or about July 17, 2014, and leading up to that date, ThyssenKrupp also provided service and maintenance for the elevators on the premises.

22.    On or about July 17, 2014, the Plaintiff entered the premises and began to enter the elevator from the building.

23.    At the time Ms. Cowan entered the elevator, the floor of the elevator was not level with the floor of the building. The elevator floor was approximately three inches higher than the floor of the building.

24.    The Plaintiff tripped on the unlevel floor and sustained serious injuries to her shoulder among other areas of her body.

25.    Prior to her injury, Plaintiff was not aware of the defect in the elevator and had no knowledge of the defective condition.

26.    The Plaintiff missed time from work, lost income, and received extensive medical care.

27.    On or about July 17, 2014, and all material times leading up to that date, the ThyssenKrupp Defendants were contracted to maintain and service the elevators on the premises.

28.    The Defendants owed a duty to Plaintiff to properly install, operate, inspect, maintain, repair and service the elevators in the premises.

**COUNT ONE**
**(NEGLIGENCE/WANTONNESS)**

29.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

30.   The Defendants Hub and HPT own or owned the premises in Birmingham, Alabama.

31.   The Defendants REIT, Harris-West, and/or CBRE leased and/or managed the premises in Birmingham, Alabama.

32.   The Defendants TKNA and TKEC serviced and maintained the elevators located on the premises in Birmingham, Alabama.

33.   On or about July 17, 2014, the Plaintiff was an invitee, or licensee, on the premises in Birmingham, Alabama. Plaintiff was entering the elevator when, through no fault of her own, she tripped on the uneven floor between the elevator and the building, causing her to fall and become injured.

34.   Defendants as owners, operators, lessors, managers, servicers, and maintainers of the premises owed a duty to make the premises safe for invitees and licensees and failing that, to warn the individuals like the Plaintiff of the dangerous condition posed by the malfunctioning elevator and/or its component parts.

35.   Plaintiff had no knowledge of the dangerous condition posed by the elevator and/or its component parts.

36.   Further, the Defendants owed a duty to the Plaintiffs to use reasonable care to have the premises in a reasonably safe condition for use by the general public, including the Plaintiff.

37.  Defendants breached their duties owed to the Plaintiffs, and were negligent and/or wanton in the following particulars with respect to the inspection and/or maintenance of the elevator and/or its component parts:

   a.  Defendants failed to inspect the premises for dangerous conditions such as a poorly and/or improperly maintained elevator and/or its component parts; or

   b.  Defendants allowed an unsafe and unreasonably dangerous condition to exist on the premises; or

   c.  Defendants failed to adequately and properly warn the Plaintiff of the unreasonably dangerous condition of the elevator and/or its component parts.

   d.  Defendants knew or in the exercise of due care should have known and failed to properly inspect and/or maintain the elevator and/or its component parts or after discovery of the condition failed to correct it.

38.  The Defendants acted in complete disregard for the health, safety, and welfare of the Plaintiff and people like the plaintiff.

39.  As a direct or proximate result of the negligence, wrongful and/or wanton conduct of the Defendants, Plaintiffs suffered injuries and damages as follows:

   a.  Plaintiff was caused to suffer serious and permanent injuries;

   b.  Plaintiff was caused and will be caused in the future to suffer great physical pain and mental anguish;

c.    Plaintiff was caused and will be caused - or people on behalf of Plaintiff - in the future to expend large sums of money for hospital, doctor, rehabilitation therapy and pharmacy bills, as well as other expenses in and about an effort to heal and cure their injuries;

d.    Plaintiff was prevented from going about her normal activities and her normal enjoyment of life; and

e.    Plaintiff was caused to be permanently impaired.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants, separately and severally, in a sum to be determined by the trier of fact, plus any reasonable interest and costs.

## COUNT TWO
### (AEMLD)

40.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

41.    At the aforesaid time and place, and for some time prior thereto, the Defendants TKNA and TKEC were engaged in the business of installing, maintaining, designing, manufacturing and/or distributing elevators and/or its component parts throughout the United States, including the state of Alabama, for the use of certain members of the general public.

42.   Said Defendant, during said period of time and for valuable consideration, installed, maintained, designed, manufactured and/or distributed the elevator involved in the occurrence made the basis of this suit.

43.   The elevator and/or its component parts, last left the possession and control of the Defendant, were in a defective condition and was unreasonably dangerous to the Plaintiffs as the ultimate users.

44.   At the time of the incident made the basis of this litigation, said elevator and/or its component parts, which was in substantially the same condition as when installed, maintained, manufactured and/or distributed, was being used in a manner that was foreseeable.

45.   The elevator and/or its component parts were not fit and suitable for when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used.

46.   The Defendants knew, or in the exercise of reasonable care, should have known that said elevator and/or its component parts was unreasonably dangerous to the human body when being used in a foreseeable manner.

47.   The defective condition of the product was the proximate cause of the Plaintiff's injuries and damages and rendered said Defendant liable to Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

48.   As a proximate consequence of the aforesaid negligence, wanton and/or wrongful conduct, Plaintiff suffered injuries and damages as set out above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants, separately and severally, in a sum to be determined by the trier of fact, plus any reasonable interest and costs.

## COUNT THREE
## (BREACH OF WARRANTY)

49.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

50.     Defendants TKNA and TKEC expressly and/or impliedly warranted that the elevator and/or its component parts involved in the occurrence made the basis of this Complaint was reasonably fit and suitable for the purpose for which it was intended to be used.

51.     The Defendants breached said expressed and/or implied warranties in that said elevator and/or its component parts were not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said elevator and/or its component parts were in a dangerously defective and unsafe condition.

52.     As a proximate consequence of the aforesaid negligence, wanton and/or wrongful conduct, Plaintiff suffered injuries and damages as set out above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants, separately and severally, in a sum to be determined by the trier of fact, plus any reasonable interest and costs.

## PLAINTIFF DEMANDS TRIAL BY JURY

**Dated: July 18, 2016.**

Respectfully submitted,

Jason L. Yearout (ASB-4487-T80J)
Attorney for Plaintiff
**YEAROUT & TRAYLOR, PC**
3300 Cahaba Road, Suite 300
Birmingham, Alabama 35223
t. 205.414.8169 (dir)
f. 205.795.7169 (dir)
e. *jyearout@yearout.net*
*www.yearout.net*

## THE FOREGOING WILL BE SERVED ON THE FOLLOWING BY PLAINTIFF'S COUNSEL VIA U.S. CERTIFIED MAIL, WITH RETURN RECEIPT TO THE CLERK OF COURT:

**Hub Properties Trust**
CSC Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, AL 36104

**CBRE, Inc.**
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**HPT Sunbelt Portfolio, LLC**
CSC Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, AL 36104

**ThyssenKrupp North America, Inc.**
CSC Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, AL 36104

**REIT Management and Research**
CSC Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, AL 36104

**ThyssenKrupp Elevator Company**
CSC Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, AL 36104